## Normar Products, Inc., v. Friedman

*Reynolds, Reynolds & Doran,* for plaintiff.
*David Yelen,* for defendant.

FLANNERY, J., May 5, 1954.—Rule was granted on plaintiff, a foreign corporation, to show cause why it should not give security for costs as provided by our local rules of court, rule 9 (2) (*f*), which is as follows:

"The defendant in any case, upon filing an affidavit of defense, may petition for a rule on plaintiff to give security for costs. After argument, the Court may require security and upon default enter non-suit."

Suit was started, was heard by a board of arbitrators, an award for plaintiff was made, an appeal was taken, and this rule was then obtained.

Plaintiff resists on the theory that it comes too late.

There is no appellate authority, and the lower courts in deciding the question have held that depending on the rule of court to be applied, the decision is one for the exercise of sound discretion by the court.

The time element alone is not decisive.

". . . On the other hand, there are many cases holding that it is never too late to take a rule for security for costs where it will not delay the trial": 15 Standard Pa. Practice 543, §133.

Even after the case has been tried and the jury disagreed, it has been held that security for costs may be required: Knoll v. Philadelphia Traction Co., 42 W. N. C. 232.

Where a rule of court authorizes security for costs the consensus of opinion holds that if the application is made in good faith, is not a deliberate attempt to delay justice and causes no inequitable inconvenience to plaintiff, the request for security will be granted: Jeanes v. Fellows, 46 D. & C. 649.

We believe this is such a case and, therefore, rule absolute.